TATE *v.* THE OHIO AND MISSISSIPPI RAILROAD COMPANY.

TATE
v.
THE OHIO
AND
MISSISSIPPI
RAILROAD
COMPANY.

ON PETITION for a Rehearing.

*Per Curiam.*—The gist of the petition is, that the legislature and the city authorities having granted the railroad the right of way, granted with it every right essential to its complete enjoyment. That may be admitted, so far as it was competent for the legislature or the city to make the grant, either directly or incidentally. But *Tate* had rights as well as the railroad company. His rights in the street, as a public highway, were anterior to any acquired by the company. These rights constituted a part of his property, and were inalienable, except on the terms prescribed by the fundamental law—the constitution. It was not competent for the legislature to transfer *Tate's* rights in the street to the railroad company, without just compensation. We are not aware of any power vested in the legislature, either directly or indirectly, to despoil individuals for the benefit of corporations. If these *quasi* public bodies need private property, it is sufficient that they may appropriate it on the prescribed terms of paying for it. So much for the power conferred by the legislature.

That of the city is still more limited. A serious doubt must readily occur to any one, whether the city authorities have any power whatever, either themselves to obstruct, or to authorize any obstruction in the streets. The city may establish a reasonable grade; it may cause streets to be improved and kept in repair. These things but tend to make the street more valuable as a public highway. But to obstruct them, is to defeat the very end for which the streets were dedicated to the public. Has the city the power to prevent what the municipal corporation was expressly ordained to protect and improve?

In the opinion given, we did not deem it necessary to discuss this question, because the city ordinance conferred

*Note.*—The opinion on overruling the petition for a rehearing, was delivered *July* 16, but is here inserted for the convenience of the profession.

no power, nor did it assume to confer any, to obstruct *William* street. Hence, we did not then, nor do we now propose to discuss and define the powers of the city over the streets.

Taking the grant as we find it, it must be understood to mean that the railroad company might so use *William* street for its track and superstructure, as not to obstruct it to the injury of the adjoining proprietors. We will not presume that the city meant to transcend her authority.

If the grant on these terms was worthless, that was a matter for the consideration of the railroad company. It is not for the Courts to make such grants available at the expense of individual rights.

We unanimously adhere to our former opinion. The petition is therefore overruled.